IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | MISCELLANEOUS CASE NO. |
| v. | ) | 08-0023-KD-N |
| | ) | |
| SANDY GOOD, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | MISCELLANEOUS CASE NO. |
| v. | ) | 08-0024-KD-N |
| | ) | |
| KATHI GOOD, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

These two cases, brought against Sandy and Kathi Good, husband and wife, were referred to the undersigned pursuant to 28 U.S.C. §636(b) and Local Rule 72.2(a) for appropriate action. On July 9, 2009, the undersigned conducted a show cause hearing on the United States' Petition to Enforce Internal Revenue Service ("IRS") Summons (doc. 14[1]) issued to Sandy and Kathi Good, respectively. Present at the hearing were Sandy Good, Kathi Good and counsel for the government, AUSA Charles Baer. For the reasons set forth below, it is recommended that the government's petitions in these parallel cases be GRANTED.

---

[1] The docket numbers for the various filings referenced in this report and recommendation are identical in these two cases.

Additionally, respondents have filed numerous motions in the two cases: Motion to Dismiss for Lack of Personal Jurisdiction and/or Lack of Subject Matter Jurisdiction (doc. 20); Motion to Dismiss and Estoppel for Reasons of Fraud (doc. 21); Motion to Dismiss for Insufficiency of Process (doc. 22); Motion to Dismiss for Insufficiency of Service of Process (doc. 23); Motion to Dismiss for the Bar of Statute of Limitations (Doc. 25); Motion to Dismiss for Failure to State a Claim for Which Relief may be Granted and Lack of Jurisdiction (doc. 26); Motion to Dismiss for Lack of Legitimate Purpose and Lack of Personal Jurisdiction (doc. 27); and Motion to Dismiss (doc. 28) based on the Paperwork Reduction Act, 44 U.S.C. §3512 .[2] Respondents filed a brief in support (doc. 29) of four of the motions to dismiss, and the government filed a response (doc. 30) to the Motion (doc. 28) based on 44 U.S.C. §3512.  The undersigned further recommends that all of these Motions to Dismiss be DENIED.

I.  Background

On May 5, 2009, the United States filed Petitions in each case seeking orders from the court enforcing IRS Summonses.  (Doc. 11) Shortly thereafter, the court entered Orders requiring respondents Sandy and Kathi Good to appear before the court on July 9, 2009, to show cause why they should not be compelled to comply with the Summons.  (Doc. 14) The court further ordered respondents to file a written response to the United States' petition two weeks prior to the hearing, and to serve on the United States any defenses or motions in opposition; any uncontested allegations in the petition are deemed to be admitted.  Respondents filed a joint response on June 25, 2009.  (Doc. 16)

---

[2]  Documents 20, 21, 22 and 23 were filed on the day of the hearing and the parties had an opportunity to address them to the court.  Documents 25, 26, 27 and 28 were filed on Monday, July 13, 2009.

II.     Motion to Enforce Summons

The Eleventh Circuit has described the requirements the IRS must establish for judicial enforcement of an IRS summons as follows:

> In order to succeed in enforcing a summons, the IRS must show four elements: "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). The IRS may satisfy its minimal burden by presenting the sworn affidavit of the agent who issued the summons attesting to these facts. [U.S. v.] Medlin, 986 F.2d [463] at 466 [11th Cir. 1993)].
>
> Once the showing required by Powell is made, "the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." La Mura v. United States, 765 F.2d 974, 979-80 (11th Cir.1985). The taxpayer does not meet his burden by contesting the underlying validity of the assessment because the validity of the assessment may not be challenged in a summons enforcement proceeding. United States v. Harper, 662 F.2d 335, 336 (5th Cir. Unit B Nov.1981).

U.S. v. Morse, 532 F.3d 1130, 1132 (11th Cir. 2008); see Nero Trading, LLC v. U.S.Dept. of Treasury, I.R.S., — F.3d —, 2009 WL 1606956 (11th Cir.).

The government's burden is slight and is typically met by providing an affidavit from the IRS agent issuing the summons. Id. In the present case, the IRS has presented the affidavit of IRS agent Jo Hatten and live testimony by IRS agent Richard Wilder. Respondents, appearing pro se, were afforded the opportunity to cross-examine both agents.

The court found that the IRS satisfied its burden as articulated in Powell and respondents were then given the opportunity "to 'disprove one of the four element of the government's prima facie showing *or* convince the court that enforcement of the summons would constitute an abuse of the court's process.' " Morse, 532 F.3d at 1132 (*quoting* La Mura, 765 F.2d at 979-80).

Respondents have offered no significant evidence in opposition to the agency's showing. Rather, respondents contested certain details concerning the manner in which they had been served and treated by the agents in their prior contacts. Respondents further contested the meaning of certain provisions of the Internal Revenue Code and the Rules of Civil Procedure.[3] Respondents' written evidentiary submissions likewise contain a reiteration of uncontested evidence and quibbles over facts which not relevant to the issues before this court on the instant petition. The undersigned finds that respondents have failed to rebut the government's prima facie showing and have not demonstrated that enforcement of the summons against either of them would be an abuse of this court's process.

III.    Motions to Dismiss

In response to the show cause order, the Respondents have filed numerous motion to dismiss, including: Motion to Dismiss for Lack of Personal Jurisdiction (doc. 20); Motion to Dismiss and Estoppel for Reasons of Fraud (doc. 21); Motion to Dismiss for Insufficiency of Process (doc. 22); and Motion to Dismiss for Insufficiency of Service of Process (doc. 23). These motion are based, in large part, on Respondents' contention that service was ineffective because a copy of the petition was not attached and that they were harassed into signing the service acknowledgment form.

---

[3] Respondents made reference at the hearing to their Fifth Amendment privilege in connection with their prior meeting with the IRS. While a taxpayer is entitled to invoke this privilege in response to the IRS's investigation, he " 'must provide more than mere speculative, generalized allegations of possible tax-related prosecution. ... [The taxpayer must show ] a 'substantial and real hazard of self-incrimination...'. " U.S. v. Argomaniz, 925 F.2d 1349, 1353 (11th Cir. 1991) (quoting U.S. v. Reis, 765 F.2d 1094, 1096 (11th Cir. 1985)); Hoffman v. U.S., 341 U.S. 479, 486 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself– his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified... .")

At the hearing Agent Jo Hatten confirmed the respondent's assertion that, at the time of service on May 27, 2009, they received only the summons and a copy of the return they signed acknowledging receipt of the summons.  However, respondents acknowledged they received a copy of the petition via mail from the U.S. Attorney's office.

The court notes that, in subpoena enforcement actions, Rule 81 of the Federal Rules of Civil Procedure provides that the effect of the Rules may be modified.  As the United States Supreme Court stated in a case involving an IRS summons proceeding,

> The Civil Rules, of course, do have an application to a summons proceeding. Rule 81(a) (3) expressly so provides.[4]  But the Civil Rules are not inflexible in this application. Rule 81(a)(3) goes on specifically to recognize that a district court, by local rule or by order, may limit the application of the rules in a summons proceeding. See 7 J. Moore, Federal Practice, 81.06(1), p. 4442 (2d ed. 1970). This feature was recognized as purposeful by the Advisory Committee when the pertinent language was added to Rule 81(a)(3) in 1946. Id., at 81.01(6), p. 4413 (2d ed. 1970). The post- Powell cases, too, are clearly and consistently to the effect that the footnote in Powell was not intended to impair a summary enforcement proceeding so long as the rights of the party summoned are protected and an adversary hearing, if requested, is made available. United States v. Gajewski, 419 F.2d 1088, 1090-1092 (CA8 1969), cert. denied, 397 U.S. 1040, 90 S.Ct. 1361, 25 L.Ed.2d 651 (1970); Venn v. United States, 400 F.2d 207, 212 n. 12 (CA5 1968); McGarry's, Inc. v. Rose, 344 F.2d 416, 418 (CA1 1965). We agree with that conclusion.

Donaldson v. U.S., 400 U.S. 517, 529 (1971); United States v.  Se. First Nat'l Bank of Miami Springs, 655 F.2d 661, 663 (5th Cir. Unit B. Sept. 1981)[5](effect of Rule 81(a)(3)–now (a)(5)–is to

---

[4] The provision cited by the Court is now found at Fed.R.Civ.P. 81(a)(5), which provides Proceedings Involving a Subpoena.  These rules apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings.

[5] The Eleventh Circuit adopted the case law of the former Fifth Circuit, handed down as of September 30, 1981, as its government body of precedent in Bonner v. City of Prichard, 661, F.2d 1206 (11th Cir. 1981)(en banc).

"make application of the rules of civil procedure in subpoena enforcement proceedings discretionary with the district court."). This flexibility has been recognized in this Circuit in connection with process and personal jurisdiction issues in subpoena cases. See e.g. United States v. Elmes, 532 F.3d 1138 (11th Cir. 2008).

In the instant case, it is uncontested that respondents were not prejudiced by the failure of the government to serve a copy of its petition and the agent's affidavit on them along with the summons. The court's docket in case number 08-0024 indicates that respondent Kathi Good contacted the office of the Clerk of the Court on May 12, 2009, to provide her mailing address and to request that the Clerk send her a copy of the court's last order, which was the order of May 8, 2009, setting the show cause hearing on the government's petition. Mrs. Good also conceded that respondents also received a copy of the petition by mail from the government's attorney within a reasonable period. In fact, Respondents had the petition in their possession in sufficient time to submit a response, consisting of 215 pages, and to prepare for the hearing.

It appears clear that, despite the failure of the agent in charge of the investigation to supply the petition and order at the time of serving the summons, and despite some claimed irregularities in the return,[6] respondents received timely notice of the hearing and the contents of the petition. The rights of the respondents were not adversely affected and they had and took full advantage of the opportunity for a hearing on the petition. Pursuant to the terms of Rule 81, the court finds that the technical errors, as claimed by Respondents, in service of process are insufficient to deprive the court of personal jurisdiction over the respondents or to justify

---

[6] Respondents note that the summons form used can also be used for property forfeitures and that the agent dated her signature on the summons return on May 27, 2009, which is the date on which it was served. Neither fact invalidates the summons.

dismissal of this case. Requiring the government to re-serve the petition and order, which the respondents already have, and to hold a second hearing covering the same matters previously exhaustively covered on July 9, 2009, would be an unnecessary step, at odds with the summary nature of the subpoena enforcement proceedings. The undersigned thus recommends that the respondents Motions to Dismiss for Insufficiency of Process, Insufficiency of Service of Process and Lack of Personal Jurisdiction be denied.

Respondents also filed a Motion to Dismiss and Estoppel for Reasons of Fraud (doc. 21) which suggests that the IRS agents' failures in service of process and other actions which led the respondents to feel pressured[7] should be deemed to be fraudulent conduct which should preclude them from bringing all or part of their petition. The failings cited in support of this motion are insufficient to convince the court of improper motive on the part of the agents or the agency. The undersigned recommends that this Motion to Dismiss be denied.

IV.   Post-Hearing Motions to Dismiss

At the close of the hearing, the court granted the parties until the close of business on July 13, 2009, to submit additional briefs. Respondents took this opportunity to file four additional Motions to Dismiss (docs. 25, 26, 27 and 28) and a Brief in support of those motions (doc. 29).

First, respondents have filed a Motion to Dismiss (doc. 25) based on the statute of

---

[7] Mrs. Good testified that when she questioned Agent Hatten about why she had to sign for the order Agent Hatten asked if Respondents were refusing a court order. Ms. Hatten testified that she did not recall making that statement to the Goods.

limitations applicable to IRS assessment and collections, found in 26 U.S.C. §6501.[8]

Respondents argue, in sum, that the exception for returns required to be filed which were not filed does not apply because the IRS had not yet been able to make a determination that respondents were required to file a return for the years at issue.  The undersigned finds this motion to be without merit.  In Birmingham Business College, Inc. v. C.I.R., 276 F.2d 476 (5th Cir. 1960), the Fifth Circuit held that where no tax return has been filed for a particular year, "the statute of limitations offers no protection." Id. at 481.  Respondents' creative argument that the plain language of the statute means that the IRS cannot assess the tax after three years unless it has already assessed the tax [determined that the taxpayer owes a certain amount of taxes] is frivolous.

Respondents' Motion to Dismiss for Failure to State a Claim (doc. 26) is also without merit.  The Motion contains a recitation of three subjective statements: (1) Respondents do not believe that they have violated any known legal duty; (2) Respondents do not know of any lawful obligation pertaining to them; and (3) Respondents do not know of any internal revenue laws pertaining to them with which they have failed to comply.  Respondents' knowledge and belief are not relevant to whether or not the petition fails to state a claim as a matter of law nor ultimately whether they are indeed subject to the IRS subpoena power.  Nor do their assertions of personal belief lead to a lack of subject matter jurisdiction over this petition or of personal jurisdiction over the respondents.

Respondents' next move for dismissal (doc. 27) on the grounds that the IRS lacks a

---

[8] Section 6501(a) prescribes a three-year statute of limitations period for collection and assessment of taxes.

legitimate purpose and that this court lacks personal jurisdiction over them. This motion is likewise without merit. The motion is based on respondents' misinterpretation of 26 U.S.C. §7602, which provides the IRS with the authority to issue summonses. The United States Supreme Court, in U.S. v. Bisceglia, 420 U.S. 141, 145-46 (1975), stated

> We begin examination of these sections against the familiar background that our tax structure is based on a system of self-reporting. There is legal compulsion, to be sure, but basically the Government depends upon the good faith and integrity of each potential taxpayer to disclose honestly all information relevant to tax liability. Nonetheless, it would be naive to ignore the reality that some persons attempt to outwit the system, and tax evaders are not readily identifiable. Thus, § 7601 gives the Internal Revenue Service a broad mandate to investigate and audit 'persons who may be liable' for taxes and § 7602 provides the power to 'examine any books, papers, records, or other data which may be relevant . . . (and to summon) any person having possession . . . of books of account . . . relevant or material to such inquiry.' Of necessity, the investigative authority so provided is not limited to situations in which there is probable cause, in the traditional sense, to believe that a violation of the tax laws exists. United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The purpose of the statutes is not to accuse, but to inquire. Although such investigations unquestionably involve some invasion of privacy, they are essential to our self-reporting system, and the alternatives could well involve far less agreeable invasions of house, business, and records.

Again citing the language of sections 7601 and 7602, the Court concluded that "[p]lainly, this language is inconsistent with an interpretation that would limit the issuance of summonses to investigations which have already focused upon a particular return, a particular named person, or a particular potential tax liability." Bisceglia, at 149. That statutory language likewise is inconsistent with the a narrow construction limiting the issuance of summonses to cases in which the IRS has already determined that a particular taxpayer owes a particular amount, as argued by respondents. This motion is due to be denied.

Finally, respondents move to dismiss (doc. 28) based on the Paperwork Reduction Act

("PRA"), 44 U.S.C. §3502 *et seq*.[9]  This motion is foreclosed by the Eleventh Circuit's opinion in Cargill v. C.I.R., 272 Fed.Appx. 756 (11th Cir. 2008); see also U.S. v. Neff, 954 F.2d 698, 699-700 (11th Cir. 1992)(holding the Paperwork Reduction Act provides no refuge from the statutory duty to file income tax returns).  In Cargill, the Court held that IRS Form 1040 complied with the Paperwork Reduction Act, even though the OMB number on such forms had remained constant since 1981.  Cargill, at 759-60.  Respondents' claim that Form 1040 does not contain any OMB number whatsoever is factually incorrect, and their argument that the lack of a number on that form precludes the instant action for failure to file a tax return is without merit.

V.      Time and Place of Interview

At the hearing, respondents advised that, should the court order enforcement of the summons, they have secured a room at the Fairhope Public Library for July 20, 2009, at 10:00 a.m.  Counsel for the government was directed to inform the court if that facility was unavailable or unable to accommodate the parties and the court reporter.[10]  The undersigned agreed to that location, if available for such a use, with the attendance of a court reporter.  The undersigned recommends that the meeting take place at the Fairhope Public Library at a date and time mutually convenient for Respondents and counsel for the government.

Conclusion

---

[9] The PRA provides, in part, that an individual shall not be punished for failing to collect information if the agency's collection-of-information request did not have a valid OMB control number. 44 U.S.C. § 3512(a)(1).

[10] Following the hearing, counsel for the government informed the court that it would prefer a room at the Fairhope satellite courthouse, claiming that the satellite courthouse was preferable because it had security.  However, the court has not been made aware of any need in this case for added security and it is the court's understanding that IRS does not generally require security for such meetings with taxpayers.

Accordingly, it is the recommendation of the undersigned that the government's Petition to Enforce IRS Summons be GRANTED and that the respondents' Motions to Dismiss the petition (docs. 21, 22, 23, 25, 26, 27) be DENIED. It is further recommended that the interviews be held at the Fairhope Public Library at 10:00 a.m. on July 20, 2009, or at such other time as hereafter may be agreed between the parties.[11] The parties shall have five (5) days from the date of this Report and Recommendation in which to file their objections, if any. See Magistrate Judge's Explanation of Procedural Rights, attached.

DONE this the 15th day of July, 2009.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

---

[11] Since Respondents are afforded a period of five (5) days from the date of this report in which to lodge any objections to the court's findings, it is likely that the previously agreed upon date of July 20, 2009 will need to be rescheduled. If respondents do not intend to file objections to this Report and Recommendation, they may waive their right to file objections and proceed with the interview as scheduled. The parties should confer prior to July 20, 2009, to make certain whether the interview will proceed on that date.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **five (5) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the
findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, **unless a different**
> **time is established by order**. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Empahsis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.